UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOESPH ANGELO CRIMI, JR., and JACLYN
CRIMI,

                                       **COMPLAINT**

                                       **JURY TRIAL**
                                       **DEMANDED**

                    Plaintiffs,

-against-

TUTOR PERINI CORPORATION,

                  Defendant.

-----------------------------------------------------------------X

Plaintiffs, JOSEPH ANGELO CRIMI, JR., and JACLYN CRIMI, by their attorney, THE LAW OFFICE OF GLENN VERCHICK, as and for their complaint against the Defendant, alleges upon information and belief as follows:

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

1. On November 15, 2018, and at the time of commencement of this action, Plaintiffs, JOSEPH ANGELO CRIMI, JR., and JACLYN CRIMI resided at 48 Foothill Court, Staten Island, New York 10309.

2. On November 15, 2018, and at the time of commencement of this action, Defendant TUTOR PERINI CORPORATION (hereinafter referred to as, "TUTOR PERINI") is a foreign corporation of the state of Massachusetts, authorized to do business in New York.

3. Under 28 U.S.C § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity citizenship case, therefore jurisdiction is proper herein.

4. That the Plaintiff resides in the State of New York, County of Richmond and therefore venue is proper herein.

5. This cause of action falls within one or more of the exceptions set forth in CPLR § 1602.

6. The East Side Access Project is a massive transportation infrastructure project undertaken to provide rail service between Gran Central Station in Manhattan and a Queens portal undertaken by the MTA Capital Construction Company ("MTACCC").

7. Defendant TUTOR PERINI, among other things, is in business of general contracting and construction management.

8. On or about November 15, 2018, the Defendant, TUTOR PERINI contracted with MTACCC to provide services as the prime contractor for the East Side Access Project.

9. On or about November 15, 2018, Defendant TUTOR PERINI was engaged in work at the Eastside Access Project.

10. On or about November 15, 2018, Defendant TUTOR PERINI contracted with Five Star Electric to perform work at the Eastside Access Project.

11. On or about November 15, 2018, Plaintiff JOSEPH ANGELO CRIMI, JR., was an employee of Five Star Electric, doing alteration/repair/construction work at the Eastside Access Project.

12. On or about November 15, 2018, Plaintiff JOSEPH ANGELO CRIMI, JR., was working at the Eastside Access Project when, he was caused, due to a broken,

defective, deteriorated plank, to slip, trip, lose his footing and fall forward causing him to sustain injuries and other damages.

## FIRST CAUSE OF ACTION

13. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs of this Complaint, with the same force and effect as though more fully set forth herein.

14. That at all times relevant herein, TUTOR PERINI was the prime contractor for the Eastside Access Project.

15. That at all times relevant hereto, TUTOR PERINI was negligent, careless and reckless in its management, operation, control and maintenance of the Eastside Access Project.

16. That as a direct and proximate result of the negligence of Defendant TUTOR PERINI, Plaintiff was caused to sustain serious and permanent injuries and has suffered great pain, shock and mental anguish, and was and still is incapacitated and will be permanently disabled and did and will suffer other damages economic and otherwise.

WHEREFORE, Plaintiff demands judgment against defendant TUTOR PERINI for damages, costs, disbursements and interest and such other further relief as to this Court may seem just and proper.

## SECOND CAUSE OF ACTION

17. Plaintiff repeats, reiterates and realleges each and every allegation contained in preceding paragraphs of this Complaint, with the same force and effect as though more fully set forth herein.

18. That at all times herein mentioned, Plaintiff was engaged in construction, demolition, excavation, erection, repairing, altering, painting and/or cleaning work at the Eastside Access Project.

19. That as the prime contractor, general contractor and/or agent of the owner, Defendant TUTOR PERINI was required to provide the Plaintiff with a safe place to work.

20. Defendant TUTOR PERINI failed to provide Plaintiff with safe place to work in violation of Section 200 of the New York State Labor Law.

21. That as a direct and proximate result of the failure to comply with Section 200 of the New York State Labor Law and failing to provide Plaintiff with a safe place to work, Plaintiff was caused to sustain serious and permanent injuries and has suffered great pain, shock and mental anguish, and was and is still incapacitated and will be permanently disabled and did and will suffer other damages economic and otherwise.

WHEREFORE, Plaintiff demands judgment against Defendant TUTOR PERINI for damages, costs, disbursements and interest and other such further relief as to this Court may seem just and proper.

### THIRD CAUSE OF ACTION

22. Plaintiff repeats, reiterates and realleges each and every allegation contained in all preceding paragraphs of this Complaint, with the same force and effect as though more fully set forth herein.

23. That at all times relevant hereto, Defendant TUTOR PERINI was obligated pursuant New York State Labor Law Section 241(6), and the applicable

provisions of the Industrial Code (including but not limited to §23-1.7 and §23-1.22) to provide Plaintiff with a safe place to work, free from dangers, tripping hazards, slipping hazards, obstructions and other conditions which constitute unsafe conditions for workers.

24. That as a direct and proximate result of the Defendant TUTOR PERINI's failure to comply with New York State Labor Law Section 241(6) and applicable provisions of the Industrial Code, Plaintiff was caused to sustain serous and permanent injuries and has suffered great pain, shock and mental anguish, and was and still is incapacitated and will be permanently disabled and did and will suffer other damages economic and otherwise.

WHEREFORE, Plaintiffs demand judgment against Defendant TUTOR PERINI for damages, costs, disbursements and interest and other such further relief as to this Court may seem just and proper.

## FOURTH CAUSE OF ACTION

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as though more fully set forth herein.

26. At all times herein mentioned, Defendant TUTOR PERINI was obligated under § 240(1) of New York State Labor Law to protect workers on the Eastside Access Project from gravity related dangers and risks.

27. That as a direct and proximate result of Defendant TUTOR PERINI's violation of Labor Law § 240 (1), Plaintiff was caused to sustain serious and permanent injuries and has suffered great pain, shock and mental anguish, and was and still is

incapacitated and will be permanently disabled and did and will suffer other damages economic and otherwise.

WHEREFORE, Plaintiffs demand judgment against Defendant TUTOR PERINI for damages, costs, disbursements and interest and other such relief as to this court may seem just and proper.

## FIFTH CAUSE OF ACTION

28. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the preceding paragraphs of this complaint with the same force and effect as though more fully set forth herein.

29. That at all times herein mentioned, the Plaintiff JACLYN CRIMI, was and still is the lawful spouse of the Plaintiff JOSEPH ANGELO CRIMI, JR., and that Plaintiff JACLYN CRIMI, is entitled to the services, society, care, comfort and consortium of her husband and is responsible for the medical expenses incurred on behalf of her husband.

30. That as the result of the negligence, carelessness and statutory violations of the Defendant herein, the Plaintiff JACLYN CRIMI, has been deprived of the services, society, care, comfort and consortium of her husband JOSEPH ANGELO CRIMI, JR., and has incurred expenses for the medical care, treatment and attention provided by physicians and other and different expenses incurred as a result of the injuries sustained by her husband JOSEPH ANGELO CRIMI, JR.

WHEREFORE, Plaintiffs demand judgment against Defendant TUTOR PERINI for damages, costs, disbursements and interest and other such further relief as to this Court may seem just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff's demand judgment against Defendant on the first through fifth cause of action in an amount of $2,000,000.00 together with any applicable interest, costs and disbursements of this action and such other and further relief as this court may deem appropriate and equitable.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

Dated: October 28, 2019
      New York, New York

                    Yours, etc.,
                    LAW OFFICE OF GLENN VERCHICK

                    _____
                    Glenn Verchick, Esq.
                    Attorney for Plaintiffs
                    60 East 42nd Street, Suite 1503
                    New York, New York 10165
                    917-601-9525
                    Email: gv@gverchicklaw.com